UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CASTILLO,

                    Plaintiff,

          -against-

C.O. HART; SERGEANT JOHNSON; THE
STATE OF NEW YORK,

                    Defendants.

20-CV-6148 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at Attica Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that while he was incarcerated at Green Haven Correctional

Facility, Defendants harassed him. By order dated August 27, 2020, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set

forth in this order, the Court dismisses the action, but grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the Court's prisoner complaint form to bring this action. The complaint raises claims that occurred at both Clinton Correctional Facility and Green Haven Correctional Facility, from May 2017 to 2018, and from September 2019 to January 2020. The complaint

does not specify which claims occurred at which correctional facility. But the two named

defendants, Correction Officer Hart and Sergeant Johnson, both work at Green Haven. The

following facts are taken from the complaint:

> It all started in Clinton facility when . . . [a] few officer[s] took to the wall and say look what we have here terrorist calling me that. When I was working in mess hall Dominic officer had called me Taliban few time[s] that I did not like so I told him stop or I will report it.

(ECF No. 2, at 4.) Later, when Plaintiff was at Green Haven, an officer informed Plaintiff that he

had a visitor

> so I walked to him and ask him he say no. So I walk back to my cell and I closed few minutes later and [he] open[ed] my cell and say same thing he kept on doing that keep opening my cell 6 times.

(*Id.*) In October 2019, after a correction officer allowed Plaintiff to go to the bathroom, Sergeant

Johnson asked Plaintiff

> where you going I say bathroom she replied 'no you ain't sit your motherfucker ass down now.' I had ask don't talk to me like that she said 'rite now mother fucker.' So went back hold my pee until I go back to my cell. So all this harassment.

(*Id.*) From March 2, 2020 to March 10, 2020, Officer Hart

> had put me on the wall while coming back to the [ ] meds had search me and was clean. He say one of the officer told him "that I been staring at her,' he say 'it got to[ ] stop or else. I'm gonna do something to you' and calling me 'fucking terrorist.'

(*Id.* at 5.) The following month, during Ramadan while Plaintiff was fasting, Hart

> had me waiting saying wait rite there. When he came up to me he was cursing me saying wasn't so fuck funny I will smash your head thru the window you fucking terrorist and other names. And I was fasting on the month of Ramadhan.

(*Id.*)

With respect to Plaintiff's injuries, on the complaint form, in response to a question

regarding injuries, Plaintiff wrote "n/a." (*Id.*)

Plaintiff seeks money damages in the amount of $125,000.

## DISCUSSION

### A.      Eleventh Amendment

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### B.      Harassment

Claims of verbal abuse, threats, and intimidation alone, without injury, do not amount to a constitutional deprivation. *See Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well-settled that verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation." ). Name calling without "any appreciable injury" is not a constitutional violation. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1998). Here, Plaintiff's claims of verbal harassment do not rise to the level of a constitutional violation because he alleges that Defendants called him names only, and he does not allege that he suffered any injuries. The Court therefore dismisses Plaintiff's harassment claims for failure to state a claim.

C.      **Religion**

Plaintiff's assertions that Defendants harassed him during Ramadan implicate the Free

Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized

Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. For a Free Exercise claim under the First

Amendment, the question at the pleading stage is whether the plaintiff has alleged facts showing

that "defendants significantly interfered with [plaintiff's right to exercise his] religious beliefs."

*McEachin v. McGuinnis*, 357 F.3d 197, 2003 (2d Cir. 2004). RLUIPA "prohibits a state or local

government from taking any action that substantially burdens the religious exercise of an

institutionalized person unless the government demonstrates that the action constitutes the least

restrictive means of furthering a compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct.

853, 859-60, 862 (2015).

Here, although Plaintiff alleges that Defendants harassed him during Ramadan, he does

not allege any facts suggesting that they interfered with or substantially burdened his ability to

practice his religion. Thus, he fails to state a violation of his rights under the First Amendment

and RLUIPA.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can

cure the deficiencies in the complaint, but because amendment might not be futile, the Court grants Plaintiff 30 days' leave to replead his claims.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

SO ORDERED.

Dated:    August 28, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.